```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**UNITED STATES OF AMERICA**                              **CIVIL ACTION**
**ex rel. PHILIPP J. KESSLER**

**VERSUS**                                                **NO. 03-2378**

**SIGMA COATINGS USA B.V., INC.**                         **SECTION "B"(2)**

                           ORDER AND REASONS

   Before the Court is Plaintiff Philipp Kessler's Motion to Alter or Amend Judgment of April 28, 2008 (Rec. Doc. No. 171). After review of the pleadings and applicable law, and for the reasons that follow,

   **IT IS ORDERED** that Plaintiff's Motion is **DENIED.**

                              *BACKGROUND*

   Defendant, Sigma Coatings USA B.V., Inc. ("Sigma Coatings"), is a Dutch company that manufactures and sells paint and marine coatings to the maritime industry. The company's principal place of business is in Jefferson Parish, Louisiana. The United States of America, purchased protective coatings from Sigma Coatings for the United States Navy ("US Navy"), directly and through its contractors. Philipp J. Kessler served as the Plant Manager for Sigma Coatings B.V., Inc. for a period of approximately eight months. Mr. Kessler left his position in July 2003. Prior to holding that position, Mr. Kessler was the Color Manager working for Sigma Coatings with the marine coatings at issue for six years.

   Plaintiff alleged that Sigma Coatings sold paint and marine

                                    1

coatings to the United States Navy at a higher price than other clients, in violation of the federal False Claims Act ("FCA"),[1] 31 U.S.C.§§ 3729-3733. Pursuant to FCA procedures, the Department of Justice investigated the Mr. Kessler's claim and declined intervention in the matter. Under the *qui tam* provisions of the FCA, Relator Philipp J. Kessler, a former employee of Sigma Coatings, pursued the claim. 31 U.S.C.A. §3730(3)©.

On April 14, 2008, a non-jury trial was held, resulting in a judgment in favor of Defendant and against Plaintiff. The Court found that Plaintiff did not meet its burden required of an FCA claim. On April 28, 2008, this Court entered a final judgment accordingly (Rec. Doc. No. 169). On May 12, 2008, Plaintiff filed the instant Motion to Alter Judgment (Rec. Doc. No. 171).

Plaintiff submits that the Court erroneously concluded that Plaintiff submitted insufficient facts to support his claim of a False Claims Act violation by Defendant Sigma Coatings USA, B.V., Inc. Specifically, Plaintiff avers that the trial evidence established that there was a significant price differential between the same items sold to Navy and non-Navy customers by Defendant; there was no valid justification for the price differential in the

---

[1] Under the FCA, any person is liable to the United States who
    (1) knowingly presents, or causes to be presented, to an officer or employee of the United States Government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval; (2) knowingly makes, uses or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government.
31 U.S.C.§ 3729(a)(1) & (2).

items; Defendant intentionally set the price differential between Navy and non-Navy customers and Sigma received payment from the Navy for the same products at the higher price level.  Plaintiff further avers that the judgment in favor of Defendant represents a manifest injustice.

Defendant states that Plaintiff's Motion is not procedurally appropriate, as Rule 59(e) motions are not a proper vehicle for rehashing legal theories, evidence or arguments.  Defendant also asserts that Plaintiff offers no basis for this Court to reverse its ruling as Plaintiff only points to occasional margin disparities and fails to prove Defendant's intent to defraud the U.S. Navy.

### DISCUSSION

**A.  Standard for Motion for New Trial Pursuant to Federal Rule of Civil Procedure 59 and 60**

Federal Rule of Civil Procedure Rule 59 permits a district court to grant a new trial on all or some of the issues after a non-jury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.  Rule 59 allows courts to open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.  If the motion is filed within ten days of the judgment about which the party complains, it is considered a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion.

*Shepherd v. Int'l Paper Co.,* 372 F.3d 326, 327 n. 1 (5th Cir. 2004). Because this Court entered a final judgment accordingly on April 28, 2008 and Plaintiff filed the instant Motion to Alter Judgment on May 12, 2008, the Rule 60(b) standard shall apply.

Federal Rule of Civil Procedure 60(b) permits a district court relieve a party or its final judgment, but this extraordinary remedy proves to be a stricter standard than Rule 59. *Templet v. Hydrochem, Inc.,* 367 F.3d 473, 479 (5th Cir. 2004). Because of the interest in finality, motions for reconsideration may only be granted if the moving party shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. *Templet v. Hydrochem, Inc.,* 367 F.3d 473, 478-79 (5th Cir. 2004). Rule 60 motions should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented in earlier proceedings. *Id*. at 479; *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).

**B. The False Claims Act**

In order for a plaintiff to recover for a violation of The False Claims Act, the plaintiff must show that: (1) the defendant made a claim for payment that was submitted to the federal government, (2) the claim was false or fraudulent, and (3) the defendant knew the claim was false or fraudulent. 31 U.S.C.A. §3729(a); *see U.S. v. Southland Mgmt. Corp.*, 288 F.3d

4

665, 675 (5th Cir. 2002). The Court found that Plaintiff failed to carry his burden by failing to demonstrate these three required elements.

While Plaintiff points to evidence entered into the record to support his claims that Defendant engaged in price gouging and systematically overcharged the U.S. Navy, such assertions merely amount to a rehashing of Plaintiff's evidence, legal theories and arguments raised during trial. Such repetitive arguments neither meet the Rule 60(b), nor to they warrant the extraordinary remedy sought.

### *CONCLUSION*

Plaintiff has not raised any new arguments and simply attempts to relitigate the same issues raised at trial. Because Plaintiff does not present a mistake of law or fact or introduce newly discovered evidence in accordance with the Rule 60 standard, Plaintiff's motion is **DENIED.**

New Orleans, Louisiana, this 19th day of June, 2008.

IVAN L. R. LEMELLE

UNITED STATES DISTRICT COURT

5